IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION
CASE NUMBER: 0:11-cv-550-CMC

| | |
|---|---|
| Builders Mutual Insurance Company,<br><br>                                                     Plaintiff,<br><br>v.<br><br>Oaktree Homes, Inc., Frank A. Dipiero, Darien B. Dipiero, Dawne M. Ras, and Tom Ras,<br><br>                                                     Defendants. | **COMPLAINT**<br>**(Declaratory Judgment)**<br>**(Non-Jury)** |

The Plaintiff seeks declaratory relief to determine the rights of the parties. Plaintiff, Builders Mutual Insurance Company ("Builders Mutual"), complaining of the Defendants above-captioned, would respectfully allege and show as follows:

## JURISDICTION

1.      The Plaintiff is an insurance company organized and existing under the laws of the State of North Carolina with its principal place of business in North Carolina; the Plaintiff is authorized to transact business and write insurance policies in the State of South Carolina.

2.      Upon information and belief, Defendant Oaktree Homes, Inc. is an entity organized and existing under the laws of the State of South Carolina with its principal place of business in York County, South Carolina.

3.      Upon information and belief, Defendants Frank A. Dipiero and Darien B. Dipiero are citizens and residents of York County, South Carolina.

4.      Upon information and belief, Defendants Dawne M. Ras and Tom Ras are citizens and residents of York County, South Carolina.

5.      This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57, Fed. R. Civ. P.; there is a real and justiciable

controversy between the parties, and by these proceedings Builders Mutual asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

6.     The amount in controversy exceeds Seventy Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. §1332(a)(1).

## FACTUAL ALLEGATIONS

7.     Plaintiff issued commercial general liability policy number CPP 0021388 to Oaktree Homes, Inc. The policy incepted on March 23, 2005 and was renewed annually until it was cancelled on March 23, 2009.

8.     Policy number CPP 0021388 insured the named insured for certain risks under the insuring agreement, and excluded certain risks through policy exclusions.  Plaintiff craves reference to this policy for all of the terms, conditions, and provisions therein and incorporates them by reference herein.

9.     The policy issued to Defendant Oaktree Homes, Inc. by Plaintiff only covers "property damage" caused by an "occurrence," as those terms are defined by the policy.  The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  The policy defines "property damage" as "[p]hysical injury to tangible property," including loss of use.

10.    The policy issued to Defendant Oaktree Homes, Inc. by Plaintiff contains exclusion l., entitled "Damage to Your Work," which excludes from coverage "'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed

2

operations hazard.'" An endorsement removes the exception for work performed by subcontractors.

11. The policy issued to Defendant Oaktree Homes, Inc. by Plaintiff contains exclusion m., which excludes from coverage "property damage" to "impaired property"' or property that has not been physically injured that arises out of defects, deficiencies, inadequacies, or dangerous conditions in "your product" or "your work."

12. The policy issued to Defendant Oaktree Homes, Inc. by Plaintiff contains exclusion n., which excludes from coverage "[d]amages claimed for any loss, cost or expense incurred by you or others for the loss of use, . . . repair [or] replacement . . . of . . . "[y]our work . . . if such . . . work or property is withdrawn . . . from use . . . because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it."

13. Under an endorsement, the policy excludes coverage for punitive damages.

14. The named insured is "Oaktree Homes, Inc." Under the "Who Is An Insured" section, the policy covers "executive officers" and directors, but only with respect to their duties as Oaktree Homes, Inc.'s officers and directors. Stockholders are also insureds, but only with respect to their liability as stockholders of Oaktree Homes, Inc. Employees are insureds, but only for acts within the scope of their employment by Oaktree Homes, Inc. or while performing duties related to the conduct of Oaktree Homes, Inc.'s business.

15. Under the Conditions section, the policy provides:

> **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. . . . .
>
> b. If a claim is made or "suit" is brought against any insured, you must:

* * *

    **(2)** Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  **c.** You and any other involved insured must:

    **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

                          * * *

    **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit" . . . .

  **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

16. Upon information and belief, Defendants Frank and Darien Dipiero have filed an action against Defendants Oaktree Homes, Inc., Dawne M. Ras, and Tom Ras in the Court of Common Pleas for York County styled as follows: <u>Frank A. DiPiero and Darien B. DiPiero v. Oaktree Homes, Inc., et al.</u>, Civil Action number 2009-CP-46-02625 ("the underlying case") filed June 17, 2009. All of the allegations of the Complaint in the underlying case are incorporated herein by reference.

17. The underlying Complaint asserts that the Dipieros entered into a contract to build a residence located at 1709 Brookshaw Run in Fort Mill, South Carolina on or about March 13, 2006.

18. Dawne M. Ras and Tom Ras are allegedly the owners and operators of Oaktree Homes, Inc. (collectively "Oaktree defendants").

19. Construction commenced in Spring 2006. The certificate of occupancy for the residence was issued on June 26, 2007 and the Dipieros closed on that date.

4

20. The Complaint alleges that in June 2007 the Dipieros discovered defects in the front steps of the residence, which had begun to separate from the main structure. The stone and concrete also began separating and cracking in the front walkway, driveway, and cement patio.

21. The Dipieros allegedly reported these defects to the Oaktree defendants, but repairs were not made as agreed.

22. The Dipieros action is based on a report by Verna Engineering, P.C. dated February 13, 2008, and supplemented on August 5, 2009. In the report, Verna Engineering opines that defects exist in the front masonry staircase, front sidewalk, driveway and right retaining wall, and rear pool patio in the form of settling and cracking.

23. The Dipieros alleged in the Complaint that the Oaktree defendants promised to set up a Home Buyers Warranty but failed to do so, and also misrepresented that repairs would be made in a timely manner.

24. The Dipieros' Complaint asserts causes of action for breach of contract and fraud. The breach of contract cause of action is based on the Oaktree defendants' failure to make the repairs set forth in the Verna Engineering report. The fraud cause of action is for misrepresentation that a Home Buyers Warranty would be provided and that repairs would be made in a timely manner.

25. Panther Construction & Structural Repair, Inc. has provided a repair estimate dated October 23, 2009. The repair estimate is for removal and replacement of the front sidewalk with proper support; installation of anchors to support the front entrance stairs; assessment and correction of drainage issues; removal and replacement of approximately 80 feet of the driveway with proper support; and repair of cracks and resurfacing of the rear concrete patio. The amount of the estimate is $58,640.

26. Upon information and belief, the hearing on the Dipieros' motion for summary judgment was scheduled for December 10, 2009. No one appeared on behalf of any of the Oaktree defendants.

27. Accordingly, the Court of Common Pleas for York County issued an Order dated December 23, 2009 granting the Dipieros' motion for summary judgment as to liability in the underlying case.

28. Defendant Oaktree Homes reported the claim to Builders Mutual on January 25, 2010. However, Builders Mutual was not informed that a civil action was pending.

29. Builders Mutual conducted an investigation and denied the claim by letter dated April 12, 2010.

30. A damages hearing in the underlying case was held on June 30, 2010. By order filed July 16, 2010, the court awarded damages in the amount of $123,542.25 in actual damages and $300,000 in punitive damages. The award of actual damages was for the cost to correct the construction defects and the engineer's fees. The punitive damages award was for the alleged misrepresentation that a Home Buyers Warranty would be set up.

31. Upon information and belief, the Dipieros have or may take an assignment from the Oaktree defendants and pursue a claim against Builders Mutual for liability coverage for the judgment awarded in the underlying case.

## FOR A FIRST DECLARATION

32. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 31 as if fully set forth herein verbatim.

33. Some or all of the alleged damage in the underlying case does not constitute "property damage" as defined in the commercial general liability policies issued by the Plaintiff.

34. Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for the alleged damage to the extent it does not constitute "property damage."

## FOR A SECOND DECLARATION

35. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 34 as if fully set forth herein verbatim.

36. Defective workmanship performed by the insured is not caused by an "occurrence" as defined in the policy.

37. Some or all of claims for damage in the underlying case are for work that was simply improperly performed.

38. Therefore, Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for defective work performed by the named insured.

## FOR A THIRD DECLARATION

39. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 38 as if fully set forth herein verbatim.

40. Liability for any alleged breaches of contract or express warranty by Oaktree Homes, Inc. is not for tort liability which a liability policy is intended to cover.

41. Therefore, the Plaintiff is entitled to a declaration that the above-referenced policies do not provide coverage for any alleged breaches of contract or warranty in the underlying case.

## FOR A FOURTH DECLARATION

42. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 41 as if fully set forth herein verbatim.

43.     Upon information and belief, all of the allegedly defective work was performed by Defendant Oaktree Homes, Inc. or subcontractors working on its behalf.

44.     Liability for any alleged property damage occurring after Defendant Oaktree Homes, Inc. completed the project is excluded by the "Your Work" exclusion (exclusion l., as modified by the endorsement), regardless of whether the work was performed by Defendant Oaktree Homes, Inc. or its subcontractors.

45.     Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for the alleged damage in the underlying case.

## FOR A FIFTH DECLARATION

46.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 45 as if fully set forth herein verbatim.

47.     Liability for the alleged property damage in the underlying case is excluded by the "Impaired Property" exclusion (exclusion m.), regardless of whether the work was performed by Defendant Oaktree Homes, Inc. or its subcontractors.

48.     Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for the alleged damage in the underlying case.

## FOR A SIXTH DECLARATION

49.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 48 as if fully set forth herein verbatim.

50.     Liability for removal of Defendant Oaktree Homes, Inc.'s allegedly defective work to access and assess damage to underlying building components is excluded by the n. exclusion.

51.     Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for faulty work, whether the work was performed by Defendant Oaktree Homes, Inc. or its subcontractors, which must be removed or replaced as access costs.

### FOR A SEVENTH DECLARATION

52.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 51 as if fully set forth herein verbatim.

53.     Punitive damages are excluded under the policy issued by Plaintiff to Oaktree Homes, Inc.

54.     Therefore, the Plaintiff is entitled to a declaration that the punitive damages awarded in the underlying judgment are not covered.

### FOR AN EIGHTH DECLARATION

55.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 54 as if fully set forth herein verbatim.

56.     Dawne Ras and Tom Ras are insureds under the policy only within the scope of their offices and duties as officers and directors, their liability as stockholders, and the scope of their employment as employees.

57.     The alleged misrepresentations are not within Dawne and Tom Ras' scope of duties or employment on behalf of Oaktree Homes, Inc.

58.     Therefore, the Plaintiff is entitled to a declaration that Dawne and Tom Ras are not insureds for purposes of the Dipieros' misrepresentation claims.

### FOR AN NINTH DECLARATION

59.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 58 as if fully set forth herein verbatim.

60. The policy requires the Oaktree defendants to cooperate with Builders Mutual's claim investigation by, among other things, promptly reporting the claim, forwarding the pleadings and suit papers as soon as practicable, cooperating in any settlement negotiations, and by not incurring any expenses or assuming any liabilities without Builders Mutual's knowledge or consent.

61. The Oaktree defendants failed to notify Builders Mutual of the claim until after summary judgment had been awarded to the Dipieros as to liability.

62. The Oaktree defendants failed to forward the suit papers in a timely manner and did not notify Builders Mutual that the underlying legal action was pending until after the judgment.

63. The Oaktree defendants may have consented to the judgment, thereby incurring obligations related to the claim, without Builders Mutual's consent.

64. Accordingly, Builders Mutual is entitled to a declaration that it has no obligation to indemnify the Oaktree defendants in the underlying matter or pay any defense costs.

## FOR A TENTH DECLARATION

65. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 64 as if fully set forth herein verbatim.

66. The Plaintiff is entitled to a declaration that Plaintiff has no duty to defend or to indemnify Defendant Oaktree Homes, Inc. in the underlying case because there is no coverage for liability for the damage upon which the claim is based.

WHEREFORE, Plaintiff requests that this honorable Court inquire into these matters and declare that the policy does not provide coverage for the damages alleged to have been caused by the acts of Defendant Oaktree Homes, Inc., that Plaintiff has no duty to defend in the underlying

case, that Plaintiff is not liable for a damages verdict rendered against Defendant Oaktree Homes, Inc. in the underlying case, and that Plaintiff does not owe payment of any indemnity or insurance proceeds to any of the Defendants, together with its costs and disbursements incurred and such other and further relief as the court may deem just and proper.

                Respectfully submitted,

                MURPHY & GRANTLAND, P.A.


                s/ J.R. Murphy
                J. R. Murphy, Esquire (Fed. I.D. #3119)
                Timothy J. Newton, Esquire (Fed. I.D. #9807)
                4406-B Forest Drive (29204)
                Post Office Box 6648
                Columbia, South Carolina 29260
                (803) 782-4100
                Attorneys for Plaintiff

Columbia, South Carolina
March 8, 2011